**Opinion filed February 19, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00184-CR
_____

## TRAVIS SCOTT MORGAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 25194A**

### M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, Travis Scott Morgan pleaded guilty in May 2013 to the state jail felony offense of theft (enhanced). In accordance with a plea agreement, the trial court convicted Appellant of the offense and assessed his punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years. The trial court suspended the imposition of the confinement portion of the sentence and placed Appellant on community supervision for a term of four years.

In April 2014, the State filed a motion to revoke Appellant's community supervision based on allegations that Appellant had committed numerous violations of the terms and conditions of his community supervision. At a hearing, Appellant pleaded "true" to some of the allegations, changed his plea to "not true," changed his plea back to "true," and then stated that he was not sure how he wanted to plea. Based on Appellant's statements, the trial court entered a plea of "not true" to all the allegations. The State presented undisputed evidence that supported some of its allegations. After receiving the evidence, the trial court found three of the allegations to be true, revoked Appellant's community supervision, and assessed Appellant's punishment at confinement in the State Jail Division for twelve months.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the motion, the brief, the clerk's record, the reporter's record, and a motion for pro se access to the record, and counsel has advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.— Eastland 2005, no pet.).

[1]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. Proof of one violation of the terms and conditions of community supervision is sufficient to support a revocation.[2] *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980); *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

February 19, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[2]In the judgment, the trial court incorrectly stated that Appellant pleaded "true" to the State's motion to revoke. However, as stated above, while Appellant initially pleaded "true" to some of the allegations, he later was unsure as to how he wanted to plea. The trial court indicated that it was entering a plea of "not true" to the allegations. We suggest that the trial court review the record to consider whether to enter a judgment nunc pro tunc to correct the judgment to reflect that Appellant pleaded "not true" to the motion to revoke.